UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **MICHAEL DWAYNE ENGLISH,** | |
| Plaintiff, | |
| v. | No. 2:20 CV 260 |
| **ANDREW P. RODOVICH,** *et al.,* | |
| Defendants. | |

OPINION and ORDER

Michael Dwayne English, a prisoner proceeding without a lawyer, filed an amended complaint. (DE # 7.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

The complaint is difficult to decipher, but it can be discerned that Mr. English recently had his federal supervised release revoked by a Judge in this District.[1] Public records in the criminal case show that his supervised release was revoked on August 13, 2020, and he was sentenced to serve an additional four months in prison. His complaint makes a hodge-podge of allegations against the District and Magistrate Judges who

---

[1] Public records in the criminal case reflect that Mr. English was originally convicted of possessing an unregistered firearm. *U.S. v. English*, 2:13-CR-118-PPS-APR (N.D. Ind. filed Apr. 1, 2013). He was sentenced to 66 months in custody and 18 months of supervised release. *Id.*, DE # 64. In March 2020, the government moved to revoke his supervised release. (DE # 76.) The court is permitted to take judicial notice of public records in determining whether the complaint states a claim. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

presided over his case, the prosecutors, the U.S. Marshal, and the assigned probation officers. For instance, he alleges that they violated "U.S. constitutional law 1, 9, 10, 8, 6 and the Alien Registration Act, the treaty of Morocco, the treaty of Marrakesh, H.R. 75, [and] Article III of the U.S constitution," and committed "fraud, security fraud, identity theft, false arrest, false imprisonment, [and] professional misconduct. . . ." Among other relief, he requests that "every defendant pay the fine as stated in my common law copyright, times three," and that a "U.C.C. lien be placed on each defendant."

Mr. English's allegations are largely nonsensical or incomprehensible, but if he is trying to obtain release from custody or challenge the criminal judgment, he cannot do so in this civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). His available remedy, if any, is the criminal appeals process or a collateral proceeding under 28 U.S.C. § 2255.

To the extent any of Mr. English's allegations survive this barrier, he has not alleged a viable claim against any defendant. The two Judges are entitled to absolute immunity for their rulings in Mr. English's criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Likewise, the prosecutors are entitled to prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). The court cannot discern any cognizable federal claim against the U.S. Marshal or the probation officers assigned to Mr. English's case. He also names the Porter County Jail, but this is a building, not a person or a policy-making body that can be held liable under 42 U.S.C. § 1983. *See Smith*

*v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). If he is trying to sue staff at the jail, he does not identify anyone by name or clearly explain what they did to violate his rights.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Mr. English has already been given one opportunity to amend his complaint. (*See* DE # 6.) The court finds no basis to conclude that, if given another opportunity, he could state a viable claim for relief, consistent with the allegations he has already made.

For these reasons, the court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A; and

(2) **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: August 27, 2020

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT